SNELL & WILMER L.L.P.
Alex L. Fugazzi (Nevada Bar #9022)
Aleem A. Dhalla (Nevada Bar #14188)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
afugazzi@swlaw.com
adhalla@swlaw.com

REED SMITH LLP
Jordan W. Siev, Esq. (*Pro Hac Vice Forthcoming*)
John P. Kennedy, Esq. (*Pro Hac Vice Forthcoming*)
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
jsiev@reedsmith.com
jkennedy@reedsmith.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BIG CITY DYNASTY CORP. and RYAN RADDON,<br><br>Plaintiff,<br><br>v.<br><br>FP HOLDINGS, L.P.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiffs Big City Dynasty Corp. ("Big City") and Ryan Raddon, professionally known as Kaskade ("Raddon") (collectively, "Plaintiffs"), by and through their undersigned counsel, as and for their complaint against Defendant FP Holdings, L.P. ("FP" or "Defendant"), respectfully allege as follows:

## NATURE OF THE ACTION

1. It is almost hard to imagine a more straightforward breach of contract claim than this one. Despite clear and unambiguous contractual obligations to pay for live musical performances that FP unilaterally canceled, and to schedule future performances, FP simply stopped paying and otherwise performing its obligations. Under the express terms of the parties' agreement, Plaintiffs are thus entitled to all payments due to them under the agreement, plus attorneys' fees and costs.

4817-5226-8462

2. At issue here is an Artist Performance Agreement between Big City and FP, dated January 8, 2018 (the "Agreement"), to furnish Raddon's services as a DJ at specified venues located at the Palms Resort Casino in Las Vegas, in exchange for agreed-upon compensation and other consideration provided by FP.

3. The Agreement provides that Raddon is to perform at and promote thirty (30) concerts (each, a "Performance") at the Palms Resort Casino in each of the calendar years 2019[1] and 2020, to be scheduled by mutual agreement of the parties. In exchange, FP agreed to pay Raddon ▮▮▮ per performance, in addition to earned bonuses and supplemental consideration.

4. The Agreement provides for a payment schedule which, in essence, requires that half of the fees for Raddon's Performances in each calendar year be paid to Big City in advance, with a portion of the remaining half to be paid to Big City shortly after each Performance.

5. Raddon appeared for and performed at each of the Performances during the first nine months of 2019, for which FP made full payment. However, in August 2019, FP began unilaterally canceling Raddon's Performances which were scheduled for October 2019, claiming that it would be renovating the venues used to hold the Performances.

6. Plaintiffs advised FP that they remained ready, willing, and able to perform in full compliance with the Agreement, and offered numerous alternative dates on which the canceled Performances could be rescheduled in 2019.

7. FP did not respond to, or even acknowledge, the alternative dates Plaintiffs provided. FP did, however, pay for the October 2019 Performances which it unilaterally canceled.

8. Plaintiffs continued to ask for confirmation of the dates of the remaining Performances in 2019, which Plaintiffs remained ready, willing and able to perform.

9. On November 1, 2019, FP canceled the performance scheduled for November 8, 2019 without cause or justification, and has failed to pay for this Performance in violation of the Agreement.

---

[1] As set forth herein, the parties agreed to a thirty-first (31st) Performance in calendar year 2019 under the same terms and conditions as the other thirty (30) Performances.

10. Further, on November 5, 2019, FP announced that the venue for Raddon's Performances—the "KAOS" nightclub and dayclub located at the Palms—would be closed effective immediately. As a result, FP is unable to provide Raddon with a suitable venue for either the remaining Performances to be held in 2019 or the Performances in 2020, which is a further breach of the Agreement.

11. As a result of these breaches of the Agreement by FP, Plaintiffs, through counsel, gave written notice to FP on November 13, 2019 that FP had substantially and materially breached the Agreement.

12. FP did not acknowledge or respond to Plaintiffs' notice of its breach, let alone take action to cure it. Indeed, as of the filing of this Complaint, two additional Performances were canceled by FP, and the required payments have not been made on those Performances.

13. Plaintiffs thus exercised their right to terminate the Agreement on December 3, 2019 and are now entitled to all compensation due to them under the Agreement, plus attorneys' fees and costs.

**JURISDICTION AND VENUE**

14. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties. Plaintiff Big City Dynasty Corp. is incorporated under the laws of California, with its principal place of business in New York. Plaintiff Ryan Raddon is a resident of California. Defendant FP Holdings, L.P. is a limited partnership registered under the laws of Nevada, and is a citizen of Nevada and Delaware, because each entity that holds any direct or indirect ownership interest in FP Holdings, L.P. is a citizen of Nevada, and its ultimate beneficial owner is a corporation incorporated in Delaware and headquartered in Nevada. Specifically, upon information and belief, the sole general partner of FP Holdings, L.P. is Fiesta Parentco, LLC, a limited liability company registered under the laws of Nevada. Fiesta Parentco, LLC's sole managing member is RRR Palms, LLC, a limited liability company registered under the laws of Nevada. RRR Palms, LLC's sole managing member is Station Casinos, LLC, a limited liability company registered under the laws of Nevada. Station

4817-5226-8462

- 3 -

1  Casinos, LLC's sole managing member is Red Rock Resorts, Inc., which is incorporated in Delaware and maintains its principal place of business in Nevada.

15. The amount in controversy in the instant case exceeds $75,000, exclusive of interest and costs.

16. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), because FP resides in this judicial district and is a resident of the State of Nevada, and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district. *See* ¶ 27 of the Agreement.

## PARTIES

17. Plaintiff Big City Dynasty Corporation is a furnishing company founded by Plaintiff Ryan Raddon, who serves as its President. Big City is incorporated under the laws of California, with its principal place of business in New York City.

18. Plaintiff Ryan Raddon, professionally known as Kaskade, is an internationally-known musician and DJ specializing in electronic dance music. Raddon is a resident and citizen of the State of California.

19. Defendant FP Holdings, L.P. is, upon information and belief, a limited partnership registered under the laws of Nevada, operating in the entertainment and hospitality industry. Its ultimate beneficial owner is Red Rock Resorts, Inc., a publicly-traded corporation incorporated under the laws of Delaware, with its principal place of business in Nevada. Red Rock Resorts, Inc., through its affiliates and subsidiaries, operates a chain of Las Vegas hotel and casino properties, including the Palms Resort Casino.

## FACTUAL BACKGROUND

**A.  Formation of the Agreement**

20. In light of Raddon's status as an internationally-recognized and well-established performer, with an extensive catalogue including ten studio albums and substantial experience headlining large venues, FP sought to engage his services as a resident performer at its Las Vegas venues, namely the KAOS nightclub and dayclub located at the Palms Resort Casino in Las Vegas (the "Venue").

4817-5226-8462

- 4 -

21. Plaintiffs and Defendant, all of whom are sophisticated parties and were represented by counsel, negotiated the Agreement in order to set forth the terms of Raddon's residency at the Venue, and executed it in February 2018, with retroactive effect to January 8, 2018. A true and correct copy of the Agreement is annexed hereto as **Exhibit A**. All defined terms used in the Agreement are incorporated herein and shall have the same meanings as in the Agreement.

22. The Agreement provides, in relevant part, that Raddon is obligated to stage, at the Venue, thirty (30) Performances in calendar year 2019 and thirty (30) additional Performances in calendar year 2020, to be scheduled by mutual agreement of the parties. If despite the parties' best efforts, scheduling of any given Performance is not possible, such Performance shall be "void and of no affect [sic] under this Agreement" if FP makes at least sixty (60) weekend dates available to Big City for the relevant calendar year. *See* **Exhibit A** at ¶ 2(b).

23. Raddon is entitled to a fee of ▓▓▓ for each Performance. *Id.* at ¶ 2(c). In addition, Raddon is entitled to tiered bonuses following a Performance if FP receives sufficient revenue in connection with that Performance, which together with the ▓▓▓ fee constitutes Raddon's Compensation for the Performance.[2] *Id.*

24. The Agreement dictates a specific payment schedule for Compensation associated with the Performances, as follows:

   a. Of the total Fees for each calendar year—a total of ▓▓▓, based on the expected thirty (30) Performances, each with a Fee of ▓▓▓—half is to be paid by FP to Big City in advance, in two payments of ▓▓▓ each. Specifically, the first ▓▓▓ in Fees for the 2019 calendar year was to be paid in early 2019, which it was. By the same token, the first ▓▓▓ of the Fees for the 2020 calendar year was to be paid by FP to Big City within five (5) business days of September 30, 2019; the next ▓▓▓ of the Fees for 2020 was to be paid within five (5) business days of January 1, 2020. *See* **Exhibit A** at ¶ 2(c).

   b. The remaining half of the Fees for each Performance, both in calendar year 2019 and calendar year 2020, are to be paid by FP to Big City within five (5) business days of that Performance. *Id.*

---

[2] The Agreement also provides that FP will arrange accommodations and transportation, and extend specified credits for food and beverages, for the benefit of Raddon and his party in connection with each Performance. *See* **Exhibit A** at ¶¶ 2(d)-(f).

4817-5226-8462

- 5 -

    c.    If Raddon earns a Bonus in connection with a Performance, it is to be paid by FP to Big City within thirty (30) days following that Performance. *Id.*

    d.    If FP and Big City mutually agree to schedule any Performances in addition to the thirty (30) Performances intended for each calendar year, the Fee for such additional Performance shall be paid within five (5) business days of that Performance.

25. The Agreement further provides that in the event any party alleges a "substantial breach of material conditions," the party claiming breach must immediately give written notice to the other party, who must remedy the claimed breach within five (5) business days or before the next Performance. *See* **Exhibit A** at ¶ 20. If the party fails to cure the breach, that failure is deemed a substantial and material breach of the Agreement, and the non-breaching party has the right to immediately terminate the Agreement and cancel the engagement. *Id.*

26. In particular, in the event of a breach by FP, (a) Big City has the right to retain all amounts already paid; (b) Big City shall receive "the unpaid balance of the compensation stated in Section 2 [of the Agreement];" and (c) neither Big City nor Raddon shall have any further liabilities or obligations related to the Agreement. *Id.*

27. Paragraph 20 of the Agreement expressly provides that *either* "(1) failure to pay the Compensation as set forth in Paragraph 2, *or* (2) failure to provide a suitable venue for [Raddon] to carry out the Performances hereunder" constitutes a material breach on FP's part. *Id.* (emphasis added).

B. **Plaintiffs Fully Perform their Obligations under the Agreement**

28. Both Big City and Raddon consistently performed their contractual obligations in all respects.

29. Before the instant dispute arose between the parties, the parties had agreed upon the schedule for the required thirty (30) Performances to take place in calendar year 2019, and were working in good faith to schedule an additional, thirty-first (31st) Performance which they had agreed in May 2019 to add for 2019 at a fee of ▮▮▮▮▮▮▮▮.

30. Raddon executed each of the twenty (20) Performances from January through the end of September 2019 in full compliance with the provisions of the Agreement, *e.g.*, by taking all

required steps to promote the Performances and ensure each Performance lasted for at least two (2) hours.

### C. FP Begins Repudiating its Obligations under the Agreement

31. On or about August 22, 2019, FP notified Plaintiffs that, due to construction at the Venue, FP would be canceling all three (3) Performances scheduled in October 2019.

32. In an email dated September 3, 2019, Plaintiffs' representative not only advised FP that Plaintiffs remained ready, willing and able to perform all obligations under the Agreement, but provided twelve (12) dates on which the parties could reschedule the three (3) October Performances canceled by FP, in a good-faith attempt to reschedule those Performances in 2019.

33. FP did not respond to this email.

34. However—recognizing its obligations under the Agreement—FP made the payments required to Plaintiffs for the three (3) October Performances that FP canceled and failed to reschedule, as well as for the [REDACTED] in Fees due in early October 2019 as a partial payment for the 2020 Performances.

### D. FP Materially Breaches the Agreement by Canceling the November 8 Performance and Closing the Venue, and Fails to Cure

35. On November 1, 2019, FP once again unilaterally canceled a scheduled Performance, set for November 8, despite the fact that Plaintiffs remained ready, willing, and able to perform.

36. On November 5, 2019, FP abandoned all pretense of honoring its contractual commitments by announcing publicly that the KAOS nightclub and dayclub, which had served as the Venue for all of Raddon's Performances, and was intended to be the Venue for the Performances scheduled for late 2019 and 2020, would be closed indefinitely, effective immediately.

37. FP is obligated to provide a suitable venue for Raddon's Performances as a fundamental condition of the Agreement. The abrupt and indefinite closure of the KAOS nightclub leaves Raddon without a suitable venue to perform: FP has made no effort to provide an alternative, suitable space (or indeed any space) for the Performances, nor—to Plaintiffs' knowledge—does any such space exist at or around the Palms Resort Casino.

4817-5226-8462

- 7 -

38. Accordingly, although the parties had agreed on the scheduling of six (6) Performances between November 8 and the end of 2019, as well as agreeing to a thirty-first (31st) Performance to take place in 2019,[3] FP's abandonment of the sole suitable venue for those Performances puts it in breach of the Agreement despite the fact that Plaintiffs remain ready, willing, and able to perform.

39. Pursuant to the Agreement, FP was obligated to provide Plaintiffs with the ▮▮▮▮ in Fees that they were entitled to for the canceled November 8, 2019 Performance within five (5) business days, *i.e.*, on or before November 15, 2019.

40. FP did not make payment within the required period, and has not done so as of the date of filing.

41. On November 13, 2019, Plaintiffs sent FP written notice of its breaches consistent with paragraph 20 of the Agreement. A true and correct copy of Plaintiffs' November 13, 2019 letter is annexed hereto as **Exhibit B**.

42. FP failed to cure these violations of the Agreement in the five-business-day period following formal notice of breach dictated by paragraph 20, which expired on November 21, 2019. Indeed, FP did not respond to the November 13, 2019 breach letter. Further, FP has yet to make payment for the canceled November 8, 16 and 23 Performances.

43. In light of FP's refusal to cure its material breaches of the Agreement, on December 3, 2019, Plaintiffs exercised their right to terminate the Agreement, eliminating all further liabilities and obligations thereunder.

44. Paragraph 20 of the Agreement provides that, in the event of a material uncured breach by FP, Plaintiffs shall—among other things—"receive the unpaid balance of the compensation stated in Section 2."

45. As such, Plaintiffs are entitled to receive the unpaid balance of the Fees for 2019— a total of ▮▮▮▮ for the seven (7) Performances, including the agreed thirty-first (31st) Performance, canceled by FP—as well as the unpaid Fees for calendar year 2020, which total

---

[3] Specifically, Performances were scheduled for November 8; November 16; November 23; December 7; December 13; and December 28. The parties had not set a specific date for the agreed-upon thirty-first (31st) Performance, despite Plaintiffs' requests to do so.

4817-5226-8462

- 8 -

1  ███████ ███████ payable in advance within five (5) business days of January 1, 2020 and
2  ███████ payable for the thirty (30) Performances to take place in 2020.

3   46.   Plaintiffs are thus entitled to ███████ due under the Agreement, plus
4  attorneys' fees and costs pursuant to paragraph 27 of the Agreement.

## FIRST CAUSE OF ACTION

### Breach of Contract

47.   Plaintiffs repeat the foregoing allegations as if set forth fully herein.

48.   The Agreement is a valid and binding contract, the interpretation of which is governed by the laws of Nevada.  Agreement ¶ 27.

49.   Under the Agreement, Plaintiffs agreed to furnish the services of Raddon as a performer for thirty (30) scheduled Performances in each of the calendar years of 2019 and 2020, in exchange for defined Fees as well as other compensation for the Performances.  As noted above, the parties agreed to a thirty-first (31st) Performance for 2019.

50.   However, beginning in August 2019, FP began to unilaterally cancel upcoming Performances, claiming that the Venue was being renovated.

51.   Although FP belatedly made payment for several of the canceled Performances in October 2019, FP has failed to make any payment whatsoever for the canceled Performances originally scheduled for November 8, 2019 and later.

52.   Because Plaintiffs were and are fully ready, willing, and able to perform their obligations, and FP's cancelation of the November 8, 2019 Performance and later Performances is the sole reason Raddon did not actually perform, Plaintiffs remain entitled to the Fees associated with these Performances.

53.   Additionally, on November 5, 2019, FP announced that the KAOS nightclub and dayclub, which had been the Venue for Raddon's shows and was anticipated to remain available through all Performances contemplated by the Agreement, would be closed indefinitely, effectively immediately.

54.   Because of FP's decision to close the Venue, no suitable venue for any of the future Performances—both those scheduled for 2019 and those anticipated in 2020—is now available.

55. FP's withholding of Fees due for the November 2019 Performances and indefinite closure of the Venue, thus depriving Plaintiffs of a suitable venue for all anticipated Performances in the remainder of 2019 and in 2020, both constitute material breaches of the Agreement, by its express terms.

56. On November 13, 2019, Plaintiffs provided FP with written notice of its material breaches of the Agreement.

57. FP failed to cure its breaches of the Agreement within five (5) business days of receiving written notice thereof, as required by paragraph 20 of the Agreement.

58. Consequently, due to FP's material uncured breaches of the Agreement, Plaintiffs are entitled to retain all amounts already paid, and receive the unpaid balance of the total Compensation under the Agreement, while bearing no further obligation towards FP.

59. Plaintiffs fully performed all of their obligations under the Agreement, and did not excuse or waive FP's breaches to any extent.

60. As a result of FP's breaches of the Agreement, Plaintiffs have been damaged in an amount to be determined at trial, but not less than ██████, plus interest, costs, and attorneys' fees pursuant to paragraph 27 of the Agreement.

1  WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

2      a.    Awarding Plaintiffs ▮▮▮▮▮ in compensatory damages, plus pre- and post-judgment interest;

4      b.    Awarding Plaintiffs their reasonable costs and expenses incurred in this action, including attorneys' fees; and

6      c.    Awarding such other and further relief as this Court may deem just and proper.

Dated: December 4, 2019          SNELL & WILMER L.L.P.

By: _____
Alex L. Fugazzi, Esq. (NV Bar No. 9022)
Aleem A. Dhalla, Esq. (NV Bar No. 14188)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

REED SMITH LLP
Jordan W. Siev, Esq. (*Pro Hac Vice Forthcoming*)
John P. Kennedy, Esq. (*Pro Hac Vice Forthcoming*)
599 Lexington Avenue, 22nd Floor
New York, New York 10022

*Attorneys for Plaintiffs Big City Dynasty Corp. and Ryan Raddon*

4817-5226-8462