UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BIG CITY DYNASTY, et al.,

      Plaintiff(s),

v.

FP HOLDINGS, L.P.,

      Defendant(s).

Case No.: 2:19-cv-02078-APG-NJK

**Order**

[Docket No. 38]

Pending before the Court is the motion by Defendant FP Holdings ("the Palms") to compel discovery and for an award of expenses.  Docket No. 38.[1]  Plaintiffs Big City Dynasty and Ryan Raddon (collectively, "Kaskade") filed a response in opposition.  Docket No. 40.[2]  The Palms filed a reply.  Docket No. 41.  The motion is properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons discussed below, the motion is hereby **GRANTED**.

## I.    BACKGROUND

Kaskade is an acclaimed musician and DJ specializing in electronic dance music.  Compl. at ¶ 18; *see also id.* at ¶ 20.  The Palms is a Las Vegas hotel and casino offering a variety of entertainment options, including the KAOS nightclub and dayclub.  *See id.* at ¶¶ 19-20.

Sensing the potential for a successful partnership, Kaskade and the Palms entered into an agreement for Kaskade to have a residency at KAOS through which he would engage in 30 performances in 2019 and another 30 performances in 2020.  *See id.* at ¶¶ 20, 22.  The first 20

---

[1] Although this order refers to the Palms as a shorthand for Defendant, FP Holdings is actually the company that owns the Palms.

[2] Although this order refers to Kaskade as a shorthand for Plaintiffs, Mr. Raddon is the performer known as Kaskade and Big City Dynasty is the company through which he conducts business.

performances in 2019 proceeded as anticipated.  *See id.* at ¶ 30.  Then the music stopped.[3]  In particular, Kaskade alleges that his three residency performances for October 2019 were canceled due to construction at KAOS.  *See id.* at ¶ 31.  KAOS still paid Kaskade for those canceled shows and also provided a partial payment due at that time for the anticipated 2020 performances.  *See id.* at ¶ 34.

The complaint alleges that the Palms then canceled Kaskade's show set for November 8, 2019, and announced that it was closing KAOS indefinitely.  *Id.* at ¶ 36.  Kaskade alleges that the Palms did not then fulfill its contractual obligation to find a suitable replacement venue.  *See id.* at ¶ 37.  On November 13, 2019, Kaskade served written notice that he was contending that the Palms was in breach of their agreement.  *Id.* at ¶ 41.  Kaskade alleges that the Palms did not thereafter cure the breach.  *Id.* at ¶ 42.  On December 3, 2019, Kaskade terminated the agreement given the assertions of a material breach by the Palms.  *Id.* at ¶ 43.

On December 4, 2019, Kaskade brought a breach of contract action in this Court on the basis of diversity jurisdiction.  Kaskade seeks damages for the unpaid balance for the performances remaining in 2019, as well as for the remaining balance of fees for the anticipated performances in 2020.  *See id.* at ¶ 45.[4]  The Palms responded with, *inter alia*, an affirmative defense that Kaskade has failed to mitigate damages.  Docket No. 16 at 11.

The parties are now before the Court on a dispute regarding the Palms' efforts to obtain discovery regarding Kaskade's mitigation efforts.

## II.    STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery."  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598

---

[3] In the words of a similarly-named electropop group, one might say that there was an evacuation of the dancefloor.  *See* Cascada, "Evacuate the Dancefloor" (AATW, Zeitgeist, Robbins 2009).

[4] The Court previously allowed redactions to the complaint with respect to the compensation information based on Kaskade's showing that he would be competitively disadvantaged in future negotiations were that information made public.  Docket No. 28.  The pending motion practice provides such information on the public docket and indicates that Kaskade no longer seeks to shield such information.  *See* Mot. at 2 & n.1.  A separate order will issue with respect to the redactions in the complaint in light of the changed position.

(1998). When a party fails to provide discovery, the requesting party may move to compel it. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why the discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).[5] The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Discovery is limited to relevant matter. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevance for discovery purposes. *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563 (D. Ariz. 2016).[6] "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes remains broad in scope. *V5 Technologies*, 334 F.R.D. at 309 (citing *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No. 2:14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016)).

## III.    ANALYSIS

The instant discovery dispute is relatively straightforward. The Palms pled a defense that Kaskade's failure to mitigate offsets or eliminates any damages that may be awarded. Docket No. 16 at 11. The Palms propounded discovery in an effort to support that defense and argues that

---

[5] The parties articulate the applicable burden of persuasion differently. *See* Mot. at 7; Resp. at 3. The Court has its own duty to correctly articulate legal standards. *Bateman v. United States Postal Serv.*, 231 F.3d. 1220, 1224 (9th Cir. 2000). For the reasons explained elsewhere, this Court has concluded that the burden is on the party opposing discovery to establish irrelevance. *V5 Technologies*, 334 F.R.D. at 309-10. Ultimately, the assignment of burdens is not of particular importance for the pending motion, however, as the outcome is the same regardless.

[6] The discovery rules were amended in 2015, since which time it has been clear that the standard for relevance is <u>not</u> whether the information sought is reasonably calculated to lead to the discovery of admissible evidence. *See Bard IVC Filters*, 317 F.R.D. at 563-64. Cases articulating that standard have been abrogated. *Id.* at 564.

such discovery must be provided given that it seeks information pertinent to a live defense.  *E.g.*, Mot. at 7-8.  Kaskade has refused to provide responsive documents, however, on the grounds that the information is not relevant.  In support of that objection, Kaskade argues that the information is irrelevant because "mitigation simply is not an appropriate affirmative defense" based on the contract at issue in this case and that he plans to raise this argument in "dispositive motion briefing to follow."  *See* Resp. at 2, 3-5, 9.  Kaskade also challenges the potential use of information on performances outside of Las Vegas on the grounds that they are not comparable for mitigation purposes, which he contends also renders discovery of such information irrelevant.  *See id.* at 6-8.  The relevance objection lacks merit.[7]

The only issue currently before the Court is whether the discovery sought is relevant to any claim or defense.  It is.  The Palms' mitigation defense indisputably remains a live defense at this time.  Nonetheless, Kaskade has refused to provide discovery based on merits-based arguments as to whether mitigation efforts are permissibly considered with respect to damages in this case and, if so, what performances should be considered as part of that inquiry.  Kaskade was not permitted to withhold discovery on those bases.  "[A] party is entitled to seek discovery on its theory of the facts and the law, and is not limited in discovery by the opponent's theory."  8 Wright, Miller, & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2011 at p. 274 (2010); *accord in re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1192 (10th Cir. 2009).  To that end, this Court has repeatedly rejected attempts to define the bounds of appropriate discovery by challenging the merits of existing claims or defenses in briefing discovery motions.  *See Colony Ins. Co. v. Sanchez*, No. 2:18-cv-01950-JCM-NJK, 2019 WL 3241160, at *2 (D. Nev. July 18, 2019); *Cardinali v. Plusfour, Inc.*, No. 2:16-cv-02046-JAD-NJK, 2018 WL 7502644, at *6 n.7 (D. Nev. Oct. 9, 2018); *Kiessling v. Rader*, No. 2:16-cv-00690-GMN-NJK, 2017 WL 11310113, at *3 (D. Nev. Feb. 17,

---

[7] Kaskade also makes a conclusory argument that the disputed discovery is "overbroad and unduly burdensome."  Resp. at 8.  Courts summarily reject boilerplate objections and ill-developed arguments.  *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *see also V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 301 & n.1 (D. Nev. 2019).  Kaskade having not provided the requisite factual basis or meaningful argument necessary to prevail on such objections, the Court rejects his assertion of overbreadth and undue burden to the extent they differ from the issues discussed herein with respect to the relevance objection.

2017), *objections overruled*, 2018 WL 1401972, at *3 (D. Nev. Mar. 20, 2018); *McSwiggin v. Omni Limousine*, No. 14-cv-02172-JCM-NJK, 2016 WL 1030053, at *5 (D. Nev. Mar. 10, 2016); *Walker v. N. Las Vegas Police Dept.*, No. 14-cv-01475-JAD-NJK, 2015 WL 8328263, at *2 (D. Nev. Dec. 8, 2015).  Other courts have issued similar rulings.  *See, e.g.*, *Natural Res. Def. Council v. Curtis*, 189 F.R.D. 4, 8 (D.D.C. 1999); *S.E.C. v. Laura*, No. 18-Civ-5075 (NGG)(VMS), 2020 WL 5152873, at *6 (E.D.N.Y. Aug. 31, 2020); *McGraw-Hill Global Educ., LLC v. Jones*, No. 5:14-cv-42-TBR-LLK, 2015 WL 5074487, at *4 (W.D. Ky. Aug. 8, 2015); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.*, No. C13-1014-JCC, 2014 WL 3396124, at *2 (W.D. Wash. July 10, 2014); *Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, Civil Action No. DKC 09-0100, 2011 WL 6000562, at *2 (D. Md. Nov. 29, 2011); *Wells Fargo Bank, N.A. v. Konover*, No. 3:05-cv-1924 (CFD)(WIG), 2010 WL 11561491, at *9 (D. Conn. June 22, 2010); *Tacori Enterps. v. Rego Mfg.*, No. 1:05-cv-2241, 2007 WL 2238345, at *2 (N.D. Ohio Aug. 1, 2007); *Equilon Enterps. LLC v. Shahbazi*, No. C 05-05102 JF (RS), 2007 WL 2141357, at *1 (N.D. Cal. July 25, 2007); *WHS Sales Corp. v. Cinmar, L.P.*, No. 06-Civ-1938 (SHS)(HBP), 2007 WL 486603, at *1 (S.D.N.Y. Feb. 13, 2007); *Robbins v. NCO Fin. Sys., Inc.*, No. 2:06-cv-116, 2006 WL 3833352, at *5 (N.D. Ind. Dec. 12, 2006).  Kaskade cites to no countervailing authority in urging the Court to deem discovery irrelevant based on merits-based challenges that he intends to raise in a dispositive motion to be filed at some later time.[8]  There is good reason to eschew resolution of merits-based challenges presented in the guise of a relevance objection.

The starting point of the analysis is the text of the governing rule, as courts generally interpret the discovery provisions in the Federal Rules of Civil Procedure based on their plain meaning.  *See Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008) (citing *Business Guides, Inc. v. Chromatic Comms. Enterps., Inc.*, 498 U.S. 533, 540 (1991)).  The text of Rule 26(b)(1) confines discovery to "matter that is relevant to any party's claim or defense."  As it relates to a live defense in this case, discovery into Kaskade's mitigation clearly fits within

---

[8]  Kaskade's cited authorities instead involve merits-based decisions rendered in the summary judgment context.  None of the decisions emanates from a court that issues binding rulings for this case.

that language.  A basic flaw with Kaskade's approach is that he would instead have the Court interpret the standard as being "matter that is relevant to any party's legally meritorious claim or defense," which is simply not how the rule is written.  No justification has been provided to construe the plain language of the rule to mean something other than what it says.  The Court rejects Kaskade's attempt to shoehorn his merits-based arguments into a relevance objection.

Although a reading of the plain language of the rule suffices to resolve the motion here, the Court also notes that there are ample policy reasons supporting this approach.  Courts strive to ensure that cases proceed to resolution in a manner that is just, speedy, and inexpensive.  Fed. R. Civ. P. 1.  Federal litigation is generally structured in stages by which the pleadings are settled, discovery is completed, and then the merits are addressed through dispositive motions and trial.  *See Natural Resources Defense Council*, 189 F.R.D. at 8.  Kaskade's proposed approach turns that system on its head, as it would allow the discovery cutoff to lapse without discovery on a live defense based on the anticipated filing of a later dispositive motion.  Were that approach endorsed and the anticipated dispositive motion ultimately proves unsuccessful, then the case would revert back to the discovery phase to conduct the discovery that had been curtailed.  Such a scenario would lead to unnecessary delay and inconvenience in contravention of Rule 1.  *See WHS Sales*, 2007 WL 486603, at *1.[9]

Kaskade's approach also fails to appreciate the distinct roles within the district court of magistrate judges and district judges.  As a general matter, magistrate judges resolve discovery disputes and other non-dispositive pretrial matters, while district judges resolve dispositive motions and preside over trial.  *See* Fed. R. Civ. P. 72.  Given that division of responsibility,

---

[9] This does not mean that an unscrupulous litigant can bring legally baseless claims or defenses as a means to harass an opponent through pointless discovery.  When a litigant has filed a motion that is potentially dispositive of the case or of a particular matter in the case, it may seek a stay of the corresponding discovery.  *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).  A motion to stay discovery succeeds only upon a strong showing that, *inter alia*, "convinces" a magistrate judge that there is "no question" that the dispositive motion will be granted.  *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013).  "That standard is not easily met."  *Id.*  Although Kaskade is effectively seeking a stay of discovery on the mitigation defense, such relief is unavailable to him because he has not filed a dispositive motion challenging that defense and he has not attempted to satisfy the robust standards for obtaining such relief.  Litigants may not bypass the procedures and standards for obtaining what is effectively a stay of discovery on a particular defense by instead framing the same arguments as a relevance objection.

magistrate judges are not generally empowered to resolve the type of merits-based arguments that Kaskade is advancing. *Natural Resources Defense Council*, 189 F.R.D. at 9 (asking a magistrate judge to entertain a merits-based argument in briefing a discovery dispute "puts the cart before the horse and this horse can't pull it"); *see also Thompson v. Sosa*, No. 03-cv-1726-IEG (BLM), 2006 WL 8446283, at *3 (S.D. Cal. Feb. 13, 2006) (citing *Pub. Serv. Enter. Grp. Inc. v. Philadelphia Elec. Co.*, 130 F.R.D. 543, 552 (D.N.J. 1990) and *United States v. 216 Bottles of Sudden Change*, 36 F.R.D. 695, 700 (E.D.N.Y. 1965)).  Moreover, magistrate judges are rightly reluctant to attempt to predict how a district judge might view merits-based arguments, both because a different judge may view the arguments differently and because issuance of a decision addressing the merits could prejudice the outcome on those issues. *See Robbins*, 2006 WL 3833352, at *5; *see also Tradebay*, 278 F.R.D. at 603.  Such reluctance is heightened when no dispositive motion has even been filed in which the merits-based arguments have been fully vetted through the briefing process with application of the governing standards, leaving the magistrate judge instead with an abbreviated presentation of the arguments in the context of a discovery motion.  With all of these considerations in mind, a discovery motion before a magistrate judge is not an appropriate vehicle for seeking adjudication of merits-based arguments.  Such arguments should instead be presented through dispositive motion practice.

For these reasons, the Court rejects Kaskade's relevance arguments premised on his anticipated legal challenges to the Palms' mitigation defense.  That Kaskade believes he will prevail in defeating or limiting that defense through merits-based arguments presented in future dispositive motion practice does not render irrelevant the Palms' discovery probing the facts of that currently-live defense.  Accordingly, the Palms' motion to compel will be granted.  Kaskade must respond to the discovery requests by October 9, 2020.

## IV.    AWARD OF EXPENSES

The Palms also seeks an award of expenses incurred in bringing the instant motion to compel pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. *See* Mot. at 9. Kaskade counters that an award of expenses is unwarranted given the circumstances of this dispute. *See* Resp. at 8-9.  The Palms has the better argument.

A pillar of federal litigation is that discovery should proceed with minimal involvement of the Court. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). Instead of forcing judicial oversight of every dispute, attorneys are expected to approach discovery with an eye toward cooperation, practicality, and sensibility. *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The governing rules reflect this in several ways, including providing a presumption that reasonable expenses—including attorneys' fees—will be awarded to the party that prevails on a discovery motion. *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994).[10] By design, these "rules should deter the abuse implicit in carrying or forcing a discovery dispute to the court when no genuine dispute exists." Fed. R. Civ. P. 37(a)(4) advisory committee's note to 1970 amendment; *see also Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978).

The losing party may rebut the presumption of an award of expenses by establishing that its position was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).[11] A position is substantially justified when "the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The party facing an award of expenses bears the burden of establishing substantial justification. *See Flamingo Trails*, 316 F.R.D. 327, 335 (D. Nev. 2016).

District courts have "great latitude" in awarding expenses under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

---

[10] Such expenses are awarded after an "opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A). An "opportunity to be heard" does not require either a formal hearing or a separate motion for an award of expenses. *See, e.g.*, *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). When a motion to compel itself seeks an award of expenses, a sufficient opportunity is afforded in that the responding party may present argument in its response to the motion to compel. *See Kiessling v. Rader*, No. 2:16-cv-0690-GMN-NJK, 2018 WL 1401972, at *5 (D. Nev. Mar. 20, 2018).

[11] An award of expenses is also unwarranted when the prevailing party did not conduct a meet-and-confer before seeking judicial intervention or when an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i), (iii). Kaskade does not oppose the request for an award of expenses on either of these bases. *See* Resp. at 8-9. Accordingly, the Court focuses its attention on whether substantial justification exists.

Although Kaskade is certainly not alone in trying to avoid discovery by presenting merits-based arguments, resolution of the instant motion is not a close call. The case law is overwhelming that a challenge to the sufficiency of a live claim or defense does not create a valid basis for a relevance objection, and Kaskade cited to no contrary authority. Indeed, Kaskade skirts the issue now before the Court in opposing the request for expenses, arguing that expenses should not be awarded because there is a good-faith dispute as to the underlying legal arguments. *See* Resp. at 9. Such contention misses the mark. As discussed at length above, whether Kaskade disputes the soundness of the mitigation defense in substance is not pertinent to whether he could appropriately withhold discovery by interposing a relevance objection on that live defense. His relevance objection clearly lacks merit.

Accordingly, the Palms' request for an award of expenses will be granted. The Court encourages the parties to confer in an attempt to agree on an amount of expenses. If that fails, the Palms must file a Motion to Calculate Expenses by October 9, 2020.

## V.   CONCLUSION

For the reasons discussed above, Defendant's motion to compel discovery and for an award of expenses is **GRANTED**.

IT IS SO ORDERED.

Dated: September 14, 2020

_____
Nancy J. Koppe
United States Magistrate Judge